### WEINBERG v. GREENBERGER et al.

(Supreme Court, Appellate Term. April 24, 1905.)

1. RECEIPT—DEPOSIT ON LEASE—CONSTRUCTION.

Where a deposit was made, and a receipt therefor taken, which recited that the maker had received the amount from the holder as a deposit on the lease of certain premises; that the lease should be made and the "lessee should take place" on certain dates, respectively, in the future, "which, with the security of two months' rent, and the rent should be paid each" 15th of the month, and that "the lease is agreed for" $2,050, the deposit was made as security merely for the depositor's fulfillment of his agreement to take the lease, and not as a penalty or liquidated damages in case of refusal to take the lease.

**2. SAME—RIGHTS OF DEPOSITOR.**

> Where a deposit was made with a real estate owner, evidenced by a receipt showing that the deposit was made merely as security for the fulfillment of the depositor's agreement to take a lease, and not as a penalty or liquidated damages in case of refusal, the deposit could be retained by the real estate owner only in case he suffered actual damages by the depositor's refusal to take a lease.

**3. SAME—ACTION TO RECOVER—ACTUAL DAMAGE—PRESUMPTION.**

> In an action to recover a deposit made as security for the fulfillment of the depositor's agreement to take a lease, evidenced by a receipt entitling the owner to retain it only in case he suffered actual damage by the refusal of plaintiff to take the lease, defendant's failure to plead and prove actual damage raised a presumption that no such damage was suffered; and, as the contingency against which the deposit was made was not shown to have arisen, the plaintiff was entitled to a judgment for return of the deposit.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Weinberg against Bennie Greenberger and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Abraham H. Solotaroff, for appellant.

Charles Schwick, for respondents.

SCOTT, P. J.  On September 27th plaintiff and defendants made an agreement for a lease by defendants to plaintiff of a tenement house. At the time the plaintiff paid defendants the sum of $50, for which defendants gave the following receipt:

"Sept. 27, 1904.

"Received of Mr. Weinberger a deposit of the sum of fifty dollars on the leece [sic] of the house of 705 E. 12th St. N. Y. The leece [sic] should be made on October 17th 1904. The Lessee [sic] should take place on Nov. 1, 1904 which with the security of two months rent, and the rent should be paid each and every fifteenth of the month. The leece [sic] is agreed for the sum of twenty hundred fifty dollars."

When the time came for making the lease the parties could not agree as to its terms, and no lease was actually made. The justice seems to have found that the failure to make a lease was due to plaintiff's unreasonable insistence upon having inserted therein certain unusual clauses, not previously agreed upon. The evidence would justify such a finding, and we shall assume that the whole fault for the nonexecution of the lease rests upon plaintiff's unreasonable refusal to accept and execute the lease that was tendered to him. This does not, however, justify the judgment in behalf of defendants. It is to be observed that the receipt given by defendants does not specify for what purpose the deposit is made. It does not appear to have been intended as security for the rent to be paid under the lease, for the receipt provides for the security of two months' rent; and, even if it had been intended as security for rent, it would not have been forfeited, for no rent, as such, ever accrued. The most favorable view for the defend-

ants, and, as we think, the true view, is that it was given as security for plaintiff's fulfillment of his agreement to take a lease. As has been found, he did so refuse, but this fact alone does not authorize defendants to retain the sum. There is nothing in the receipt to justify a finding that the deposit was given as a penalty or as liquidated damages in case of a refusal. It was therefore a deposit as security for actual damage, if any, suffered by the defendants by reason of plaintiff's default. No such damage was pleaded or shown. It must be assumed, therefore, for the purposes of this appeal, that no such damage was suffered. Hence the contingency against which the deposit was made did not arise, and the plaintiff is, upon the facts shown in the present record, entitled to a return of the deposit.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.