of the contract, when any account found due the plaintiff would be payable, and that during the time of the contract the plaintiff should be entitled to draw $20 a week against such an amount as would otherwise be due him at the termination of the contract. The judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event.

ROSENFELD, Respondent, v. NINETEENTH WARD BANK, Appellant. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Amy R. Rosenfeld against the Nineteenth Ward Bank. E. B. Hill, for appellant. O. Horwitz, for respondent. No opinion. Judgment and order affirmed, with costs.

ROSS, Appellant, v. HEMMINGS, Respondent. (Supreme Court, Appellate Division, Third Department. May 23, 1905.) Action by W. Perry Ross against C. H. Hemmings. No opinion. Judgment unanimously affirmed, with costs.

RUSSELL v. NATIONAL EXHIBITION CO. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Frank Russell against the National Exhibition Company. No opinion. Motion denied.

RUSSELL v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Third Department. May 23, 1905.) Action by Edgar G. Russell against the New York Central & Hudson River Railroad Company. No opinion. Motion granted.

SACKETT, Respondent, v. JOHNSON, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by Charles C. Sackett, as administrator, etc., against Grace D. Johnson, as administratrix.

PER CURIAM. Judgment affirmed, with costs.

HISCOCK, J., dissents on the ground that it was against the weight of the evidence to hold that Clinton Watkins indorsed the note in suit for the accommodation of Omer Case, and, this being so, it was incompetent and improper to admit the evidence of Omer Case with reference to payments made by said Watkins.

STOVER, J., not voting.

SAUL v. SWARTS et al. (Supreme Court, Appellate Division, First Department. June 26, 1905.) Action by Lester J. Saul against Henriette Swarts and others. No opinion. Appeal dismissed, without costs.

SCANLON v. KNIGHT et al. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) In the matter of the application of Mary V. Scanlon to continue certiorari proceedings against Erastus C. Knight and others.

PER CURIAM. Decision of motion held until the 6th day of July, 1905, to enable said Mary V. Scanlon, if she shall be so advised, to apply to the Surrogate's Court for further letters of administration, and to present additional proof of her authority to prosecute said proceedings, if leave so to do is given.

SCHENKEL, Appellant, v. LISCHINSKY, Respondent. (Supreme Court, Appellate Term. June 22, 1905.) Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by Jacob Schenkel against Hochem Lischinsky. From a judgment for defendant, plaintiff appeals. Affirmed. Schleimer & Schleimer, for appellant. Samuel Hellinger, for respondent.

PER CURIAM. The pleadings were oral. The plaintiff complaining alleged conversion. The defendant, answering, denied generally. The issue thus made was tried, and judgment rendered for the defendant. As there was no evidence of conversion, the judgment will be affirmed, with costs. The issue was not as in Weinberg v. Greenberger (Sup.) 93 N. Y. Supp. 530; hence the result is unlike. Judgment affirmed, with costs.

SCHLAFFER, Respondent, v. INDEPENDENT RADOM AID ASS'N, Appellant. (Supreme Court, Appellate Term. June 22, 1905.) Appeal from Municipal Court, Borough of Manhattan, Fourth District. Action by Samuel Schlaffer against the Independent Radom Aid Association. From a judgment in favor of plaintiff, defendant appeals. Reversed. Engel, Engel & Oppenheimer, for appellant. Schleimer & Schleimer, for respondent.

PER CURIAM. What was required to constitute a person de jure president of the defendant the evidence does not disclose, and so it is not possible to say that Diamond was the de jure president. Some mention is made of an election by majority vote and an ability to read and write. If these were the requirements, there is no evidence that Diamond possessed the latter. That Diamond was not de facto president the evidence seems to show. As the plaintiff relied upon Diamond's authority as president to bind the defendant, there will be a reversal of the judgment, and a new trial granted, with costs to appellant to abide the event.

SCHLESINGER v. BELL et al. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Action by Leo Schlesinger against James M. Bell and others. No opinion. Motion denied, without costs.

SCHLESINGER, Respondent, v. BELL, Appellant, et al. (Supreme Court, Appellate Division, First Department. June 23, 1905.) Action by Leo Schlesinger, as receiver, against James M. Bell, impleaded. R. T. Greene, for

appellant. C. E. Thorn, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SCHLESINGER, Appellant, v. BELL et al., Respondents. (Supreme Court, Appellate Division, First Department. June 23, 1905.) Action by Leo Schlesinger, as receiver, against James M. Bell and others. Mr. Glaze, for appellant. No opinion. Order affirmed, with $10 costs and disbursements.

SCHLESINGER v. KEATING. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Action by Leo Schlesinger against Hugh Keating. No opinion. Motion denied, on payment of $10 costs.

SCHLESINGER v. WISE. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Action by Leo Schlesinger against Benjamin S. Wise. No opinion. Appeal dismissed, with $10 costs.

SCHLESINGER v. WISE et al. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Action by Leo Schlesinger against Benjamin S. Wise and another. No opinion. Appeal dismissed, with $10 costs.

SCHNEIDER, Respondent, v. SCHNEIDER, Appellant. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by John Schneider against Elizabeth M. Schneider. A. E. Sander, for appellant. H. A. Heydt, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SCHWALBE, Respondent, v. SCHWALBE, Appellant. (Supreme Court, Appellate Division, First Department. June 23, 1905.) Action by Rebecca Schwalbe against Morris Schwalbe. M. Feltenstein, for appellant. A. H. Sarasohn, for respondent. No opinion. Judgment affirmed, with costs.

SCHWAMAN, Appellant, v. TRUAX et al., Respondents. (Supreme Court, Appellate Division, Third Department. May 23, 1905.) Action by Florence B. Schwaman against Edgar I. Truax and Bertha E. De Land. No opinion. Order affirmed, with $10 costs and disbursements. See 78 N. Y. Supp. 374.

SCOTT, Respondent, v. SPENCER et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 29, 1905.) Action by Alexander J. Scott, as administrator, etc., of Joseph J. Scott, deceased, against Nina Spencer and Alvan R. Johnson, impleaded with others.
PER CURIAM. Interlocutory judgment affirmed, with costs.
HOOKER, J., not voting.

SERVISS, Respondent, v. INTERNATIONAL PAPER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by Jacob Serviss against the International Paper Company.
PER CURIAM. Judgment and order affirmed, with costs.
STOVER, J., not voting.

SIVER, Respondent, v. SNYDER. Appellant. (Supreme Court, Appellate Division, Third Department. June 29, 1905.) Action by James H. Siver against William Snyder.
PER CURIAM. Judgment affirmed, with costs.
CHASE, J., dissents.

In re SINGER'S ESTATE. (Supreme Court, Appellate Division, First Department. June 9, 1905.) In the matter of Isaac A. Singer, deceased. No opinion. Order affirmed, without costs.

SMYTH, Respondent, v. LIPPE et al., Appellants. (Supreme Court, Appellate Term. June 26, 1905.) Appeal from City Court of New York, Special Term. Action by Neptune B. Smyth against Herman F. Lippe and another. From an order of the City Court, defendants appeal. Affirmed. O'Brien & Lippe, for appellants. Moen & Kilbreth, for respondent.
PER CURIAM. The notice of motion states specifically that the order vacating is desired "on the ground that it appears upon the face of said order that the justice had no jurisdiction to grant the same." It may be that the justice had not jurisdiction to grant the order. but that he had not does not appear upon the face of the order. As the third party does not appear to object to the jurisdiction. and it does appear that the justice required notice of the proceedings to be given to the judgment debtor, no inquiry beyond that necessitated by the ground of the motion has been made. Order affirmed, with $10 costs and disbursements.

SNYDER, Respondent, v. SNYDER, Appellant. (Supreme Court, Appellate Division, Third Department. June 29, 1905.) Action by Joseph Snyder against Charles M. Snyder. No opinion. Judgment and order affirmed, with costs.

SPINELLA, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Term. June 26, 1905.) Appeal from Municipal Court, Borough of Manhattan, Fourth District. Action by Pietro Spinella against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed conditionally. William E. Weaver, for appellant. Rosario Maggio, for respondent.
PER CURIAM. Judgment reversed, and new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates