(49 Misc. Rep. 559)

ROSENBLUM v. LIENER.

(Supreme Court, Appellate Term. Febuary 27, 1906.)

1. PAYMENT—RECOVERY—FALSE REPRESENTATIONS—EVIDENCE.

The plaintiff paid $50 to defendant, from whom he obtained a receipt reciting: "Brooklyn, N. Y., May 8, 1905. Received from" plaintiff "$50 on account of contract No. 145 Central avenue, Brooklyn; $850 to be paid by signing over contract on the 9th day of May, 1905, at 44 Court street, at Mr. C.'s office. Commission to be paid by signing over the contract." The paper was signed by both plaintiff and defendant. In an action to recover the amount paid, on the ground that defendant had falsely represented to plaintiff the rental value of the property at $1,300 per annum, it appeared that the parties met May 9th, when plaintiff told defendant that the rentals amounted to $1,200 and not $1,300 a year, and plaintiff testified that the defendant, when confronted with plaintiff's statement, did not deny that the rentals were $1,200, but answered that he had told plaintiff that the property could be made to rent for $1,300. *Held*, that defendant was put to his proof to deny the facts as to the alleged misrepresentations, and it was error to dismiss the complaint, on the ground that plaintiff failed to show that the actual rents were not $1,300 per annum.

2. VENDOR AND PURCHASER—CONTRACT OF SALE—VALIDITY.

The receipt did not constitute a valid contract for the sale of the lands, there being nothing in it, aside from its uncertainty of meaning, which obligated the defendant to assign the contract or give a deed of the premises.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Hyman Rosenblum against Henry Liener. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Charles B. Harris, for appellant.

Everett Caldwell, for respondent.

GREENBAUM, J.   The plaintiff paid $50 to defendant, from whom he obtained a receipt therefor, as follows:

"Brooklyn, N. Y., May 8, 1905.

"Received from Hyman Rosenblum fifty dollars on account of contract No. 145 Central avenue, Brooklyn; eight hundred and fifty dollars to be 1· 'd by signing over the contract on the 9th day of May, 1905, at 44 Court street, at Mr. Caldwell's office.  Commission to be paid by signing over the contract.

"[Signed]                                     ` Henry Liener.
[Signed]                      ·          Hyman Rosenblum."

Plaintiff sued to recover the $50 so paid, on the ground that he had agreed to purchase of defendant the house 145 Central avenue for $11,200, by taking from defendant an assignment of a contract of purchase of said premises which defendant then had; that said $50 had been paid as a deposit for such assignment, upon the representations of defendant that the rentals of said house aggregated annually $1,300, and that said representations were untrue.  The parties met on May 9th, when plaintiff told defendant that the rentals amounted to $1,200 and not $1,300 a year, and, according to plaintiff's testimony, the defendant when confronted with plaintiff's statement did not deny that the rentals were $1,200, but answered that he had said that he had told the plaintiff that the property could be made to rent for $1,300. This the plaintiff stated was not the representation, and, although defendant was ready to assign the contract, plaintiff refused to accept it because of the alleged misrepresentation, and demanded the return of the deposit.   At the conclusion of plaintiff's case, the complaint was dismissed, on the ground that plaintiff failed to show that the actual rents were not $1,300 per annum, and plaintiff duly excepted.

I think the learned justice was in error.   The conversation between the plaintiff and defendant, as detailed by plaintiff, clearly indicated that defendant's answers and conduct when plaintiff claimed that the premises only rented for $1,200 instead of $1,300 were such as to establish an acquiescence or admission of the truth of these assertions.   The defendant was put to his proof to deny the facts as to alleged misrepresentations.

It also seems to me, irrespective of the foregoing considerations, that the receipt did not constitute a valid contract for the sale of the lands. Aside from the uncertainty of its meaning, there is nothing in it which obligated the defendant to assign the contract or give a deed of the premises.   The deposit was given rather with a view to bind the plaintiff to accept an assignment of the contract, provided defendant was ready to deliver it.   The situation is somewhat analogous to that presented in the case of Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530.   This case may be distinguished from Lawrence v. Miller, 86 N. Y. 131, 139, in that the money there sought to be recovered was paid under a valid enforceable contract, whereas here the plaintiff had no contract enforceable in law.   The receipt fails to indicate what

contract affecting 145 Central avenue is meant, or what the nature of the contract was. It might have been a building contract, or one for a lease, or any other conceivable contract that might exist with reference to the property in question, and there is nothing in it which bound defendant to execute an assignment.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.