### MORRIS et al. v. LURIE.

(Supreme Court, Appellate Term.   March 14, 1907.)

VENDOR AND PURCHASER—DEPOSITS TO BIND BARGAIN—FAILURE TO AGREE—RIGHT TO RECOVER DEPOSIT.

Where the prospective purchasers of certain buildings paid the seller a sum of money for the purpose of binding the contemplated bargain, it being agreed that the parties should meet the next day at the office of a notary public for the purpose of entering into the proposed contract, the money paid to the prospective seller was merely deposited as security, which the purchasers were entitled to recover where the parties subsequently failed to agree upon the contract.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph Morris and another against Alexander Lurie. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Joseph C. Levi, for appellant.

Engel, Engel & Oppeneheimer (Adolph Engel, of counsel), for respondents.

GILDERSLEEVE, P. J.   The action was brought to recover the sum of $350, based upon substantially the following facts, as claimed by plaintiffs, viz.: On or about the 12th day of April, 1906, the defendant was the owner of certain buildings, situate on the corner of Fourteenth street and Avenue B. The plaintiffs and the defendant, on or about that time, met for the purpose of negotiating or arranging the purchase of the buildings on said lots by the plaintiffs from the defendant; the plaintiffs being what is known as "house wreckers," buying buildings and demolishing same for the use of the material. The plaintiffs and the defendant negotiated for the purchase of the defendant's buildings for that purpose. For the purpose of binding the bargain, which was then discussed between them on that day, the plaintiffs paid to the defendant the sum of $350 and took a written receipt therefor. The plaintiffs' attorney refused to allow his adversary to see this receipt, unless the latter would agree beforehand to put it in evidence. This the latter refused to do, and the court al-

lowed, without objection, secondary evidence of the nature of the receipt, which defendant's witness stated to be as follows:

"Received from Morris & Silverman $350 on account of tearing down old buildings at corner of 14th street and Avenue B, up to 15."

And, the witness added, $1,150 were to be paid before tearing down; the balance of $475 to be paid on or before May 1st. It was then and there also agreed that the parties should meet the next day, at the office of a notary public, for the purpose of entering into a contract between the parties in relation to the purchase and sale of said buildings. Thereafter, pursuant to said agreement, the plaintiffs, together with the defendant, proceeded to the office of a notary public, and the notary public, pursuant to the directions of the defendant, drew the contract between the parties. There was a dispute as to the terms of the contract, to wit, as to the time within which the plaintiffs would be allowed to demolish the buildings, and after some conversation the parties separated, without coming to any agreement. No final contract was ever made. Plaintiffs demanded the return of the deposit, which was refused, and thereupon plaintiffs brought this action to recover said deposit, and obtained a judgment, from which defendant appeals.

There is sufficient evidence to support a finding that the $350 were paid as a deposit, that the parties were to meet subsequently to make the contract, that no contract was made, and that the plaintiff demanded a return of the $350, which was refused. The general rule is that where a deposit is made in contemplation of a contract to be subsequently made, and the parties then fail to agree, a return of the deposit must be made. Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530. At the end of the case the learned justice said:

"It would seem to me, as far as I can make out from the testimony, that $350 was deposited by the plaintiffs with the defendant, and the contract was to be made out the following day, and further payment made. The $350 were a deposit as security. Upon failure of the contractor or of the parties to agree upon the contract at a subsequent date, the plaintiffs would be entitled to recover his deposit, under the authorities."

The defendant's contention is that the $350 were part payment on account, and that plaintiffs failed to comply with their contract, which, according to defendant, was embodied in the receipt. The defendant quotes a decision holding that a receipt for a part payment of the purchase price of lands, which contains all the terms of the agreement between the parties, signed by the vendor, will constitute a valid contract for the sale of the lands. We fail to see what bearing such authority has upon the case at bar. The plaintiffs' counsel offered to produce the receipt itself, if defendant's counsel would offer it in evidence, as we have seen; but the latter preferred to give secondary evidence of its contents, namely, the testimony of his own witness, who drew the receipt. So far as the testimony shows, there is nothing to indicate that this receipt contained all the terms of the proposed contract, and we think the learned court below properly stated the situation in the remarks which we have above quoted.

. The judgment must be affirmed, with costs. All concur.