## BRODFELD v. SCHLANGER.

(Supreme Court, Appellate Term.   May 16, 1907.)

DAMAGES—LIQUIDATED DAMAGES OR PENALTY—DEPOSIT.

Where there was nothing in the receipt given for a deposit made in negotiations for a lease to indicate whether the deposit was made as a penalty or as liquidated damages in case of default, it is to be presumed that the deposit was made as security for the damage, if any, resulting, should default be made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 177.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Asher Brodfeld against Isaac Schlanger.  From a judgment for defendant, plaintiff appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Eugene I. Gottlieb, for appellant.

Henry C. Neuwirth, for respondent.

PER CURIAM.   The action is to recover a deposit.  The justice found for defendant.  The parties were negotiating for a lease of premises by defendant to plaintiff.  The latter paid $50 to the former, and took the following receipt:

"Received from Mr. Brodfeld $50 deposit on account of No. 111 Ridge street, if we get through the particulars by the lawyers.
   "[Signed]                                    I. Schlanger."

It appears from defendant's evidence that all the particulars were agreed upon by the parties, but that subsequently the deal fell through because plaintiff refused to carry it out, and gave as a reason that he had no money.  As there is nothing in the receipt to indicate that the deposit was given as a penalty, or as liquidated damages in case of a refusal, it is to be assumed that it was given as security for actual damage, if any, suffered by defendant by reason of plaintiff's default.  Weinberg v. Greenburg, 47 Misc. Rep. 117, 93 N. Y. Supp. 530.  Defendant showed he paid $25 to his broker, and owed him $25 more, and had paid his lawyer $20, which expenses were rendered useless through the plaintiff's default.  The judgment is sustained by the evidence, and should be affirmed with costs.

Judgment affirmed, with costs.