### BROADWAY RENTING CO. v. WOLPIN et al.

(Supreme Court, Appellate Term.   May 15, 1908.)

LANDLORD AND TENANT—DEPOSIT TO SECURE ENTRY INTO LEASE—RIGHT TO RECOVER.

A proposed lessee is entitled to a return of a deposit made to secure his execution of a lease on refusing to execute it, where it was not agreed that the deposit should be deemed a penalty or liquidated damages, and the proposed lessor shows no damages through the lessee's refusal to execute the lease, though such refusal be unjustifiable.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Broadway Renting Company against Harry Wolpin and another.  From a judgment for plaintiff, defendants appeal.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Abraham Harawitz, for appellants.

Stroock & Stroock (S. N. Stroock and Charles Levy, of counsel), for respondent.

PER CURIAM.   It is difficult to distinguish this case from that of Weinberg v. Greenberger, 47 Misc. Rep. 117, 127 N. Y. St. Rep. 530, 93 N. Y. Supp. 530.  There as here a deposit was given by the proposed lessee as security for plaintiff's fulfillment of its promise to execute a lease.  There was no agreement that the deposit was to be deemed a penalty or as liquidated damages, and no damages were shown to have been sustained by the plaintiff by reason of the defendants' refusal to execute the lease, even assuming that the refusal was without just reason.

The cases cited by respondent, of which Fleischman v. Plock, 19 Misc. Rep. 649, 44 N. Y. Supp. 413, and Lawrence v. Miller, 86 N. Y. 131, are examples, are to be distinguished from a case like this, in that in the latter the deposit is in the nature of security to ensure the faithful performance of an agreement, whereas in the former the money is paid upon a contract by way of partial performance.  The distinction is pointed out in Chaude v. Shepard, 122 N. Y. 397, 402, 25 N. E. 358.

As it must be assumed from the record before us that plaintiff sustained no damages, the defendants would be entitled to a return of the check, and hence no recovery may be permitted thereon.

Judgment reversed, new trial ordered, with costs to appellants to abide the event.  All concur.