### GOLDBERG v. DANZGLOCK.

(Supreme Court, Appellate Term. February 24, 1910.)

SALES (§ 391*)—DEPOSITS—RIGHTS OF PURCHASER ON DEFAULT.

Where a prospective buyer of a store made a deposit with the seller on account of the sale, and thereafter defaulted without cause in purchasing, to the seller's actual damage to a certain amount, the purchaser was not entitled to recover back the full amount of the deposit.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1127; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Goldberg against George Danzglock. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

William J. Spalckhaver, for appellant.
J. Leon Brandmarker, for respondent.

PER CURIAM. This is an appeal by defendant from a judgment in favor of plaintiff in an action brought to recover money given on deposit "on account of sale of store" by defendant to plaintiff. The pleadings were oral. It was stipulated between the parties, as part of the minutes on the trial:

"That thereafter, on or about April 6, 1909, plaintiff and defendant met for the purpose of closing upon the purchase of the store specified in said receipt, but that the plaintiff 'backed out' or defaulted in purchasing said store without reason, and that, by reason of the plaintiff's default, defendant was damaged as set forth in his pleadings—i. e., answer and counterclaim—therein, but that the amount of damage sustained by defendant was $50, instead of $300, as claimed in defendant's answer and counterclaim."

The court rendered judgment in favor of the plaintiff. In Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530, the court held that a deposit of money under like conditions was "a deposit as security for actual damages, if any, suffered by reason of plaintiff's default." Plaintiff concedes his default, and that defendant was dam-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

aged to the extent of $50; and, as such damage was pleaded by defendant, the plaintiff was not entitled to recover the amount of the deposit.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.