BECKER v. ROTHSCHILD.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

VENDOR AND PURCHASER (§ 335*)—RECOVERY OF DEPOSIT BY PURCHASER.

Upon the failure of negotiations for the sale of land, the purchaser was entitled to recover a deposit made by him, although the failure of the negotiations was due to his fault, where it was not shown that the vendor had suffered any actual damage, and the receipt for the deposit did not indicate, and there was no proof, that the deposit was given as a penalty or as liquidated damages; it being assumed under such circumstances to have been given as security for actual damages.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 981–983; Dec. Dig. § 335.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Becker against David Rothschild. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Adolph Waxenbaum, of New York City, for appellant.

John C. Robinson, of New York City, for respondent.

GUY, J.  Plaintiff sued to recover the sum of $100 deposited by his assignor with the defendant, and after a trial by the court judgment was rendered in favor of the defendant.

The parties entered into negotiations with each other for the sale by the defendant to plaintiff's assignor of a piece of property in this city, and the plaintiff's assignor gave the defendant $100, and received a writing, signed by him, reading as follows:

"New York, N. Y., Nov. 2, 1912.

"Received from Samuel Elickman one hundred dollars, deposit until contract is made, on November 6th, Wednesday, for the sale and purchase of No. 514 East 11th St. for the sum agreed upon.

"David Rothschild."

It is undisputed that, when the parties subsequently met for the purpose of entering into a contract, they failed to agree upon the terms, and the transaction fell through.  That this was entirely the fault of the plaintiff's assignor is claimed by the defendant, and upon a conflict of testimony upon that issue the court below has so found.  Nevertheless, in the absence of other proof, the character of the deposit must be determined by the written instrument signed by the defendant, and, as said by Mr. Justice Seabury, writing for the court in the case of Brodfeld v. Schlanger (Sup.) 104 N. Y. Supp. 369:

"As there is nothing in the receipt to indicate that the deposit was given as a penalty, or as liquidated damages in case of a refusal, it is to be assumed that it was given as security for actual damage, if any, suffered by the defendant by reason of plaintiff's default."

In the case at bar the defendant showed no damage, and it was therefore error to render judgment in favor of the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.