## BAFF v. WEIDEN.

(Supreme Court, Appellate Term, First Department.　May 5, 1915.)

LANDLORD AND TENANT ⬳184—AGREEMENT FOR LEASE—DEPOSIT AS SECURITY —PENALTY.

> A deposit by a prospective tenant with the landlord of a specified sum "as security on the lease" is a deposit as security for any damage the landlord may suffer by the tenant's failure to carry out his agreement.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743-750;　Dec. Dig. ⬳184.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Fannie Baff, as administratrix of Bernard Baff, deceased, against Herman J. Weiden. From a judgment for defendant on his counterclaim to plaintiff's action, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Harry A. Gordon, of New York City (Reuben Tally, of New York City, of counsel), for appellant.

O'Neil & O'Neil, of Brooklyn (Paul Victor O'Neil, of Brooklyn, of counsel), for respondent.

HENDRICK, J. The plaintiff desired to rent defendant's cottage for the summer season and agreed to pay the sum of $450 therefor. He made a deposit of $50 and agreed to sign a formal lease. After the lease was presented, plaintiff refused to sign it, claiming defendant did not make certain repairs agreed to. He sues to recover his deposit. Defendant resists the suit, claiming plaintiff failed to live up to his contract, to defendant's damage.

The trial justice's finding in favor of the defendant on the facts is supported by the evidence and should not be disturbed. He, however, erred in granting judgment to defendant for $47.50. The nature of the deposit was conceded by both counsel:

"That the plaintiff deposited the sum of $50 * * * as security on the lease. * * *"

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It was therefore only a deposit as security for any damage defendant suffered by reason of plaintiff's failure to carry out his agreement, and defendant was not entitled to retain it as a penalty. Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530; Broadway Renting Co. v. Wolpin, 59 Misc. Rep. 199, 110 N. Y. Supp. 151. The only evidence in the record of defendant's damage is the payment by defendant to the broker of $22.50 commission.

Judgment reversed, without costs of the appeal to either party, and judgment ordered for the plaintiff for $27.50 and appropriate costs in the court below. All concur.