NATHAN GITZELTER, Respondent, *v.* HERMAN GROSSMAN, Appellant.

(Supreme Court, Appellate Term, First Department, February Term — Filed March, 1921.)

**Vendor and purchaser — when money paid as part of purchase price of real estate cannot be recovered — contracts.**

Where in an action to recover money paid as part of the purchase price for the sale of real estate, it appears that plaintiff, upon tender of the contract as agreed to, refused to accept, insisting that it should recite " subject to violations to date of taking title," to which defendant did not agree, the plaintiff is not entitled to recover, and a judgment in his favor will be reversed and the complaint dismissed.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of the plaintiff.

Morris Kohn, for appellant.

Frank E. Silverman, for respondent.

BURR, J. The action was brought to recover the sum of $100 received from plaintiff by defendant as

part of the purchase price for the sale of real estate by the defendant to the plaintiff.

On February 19, 1920, an agreement was entered into between plaintiff and defendant which reads as follows:

" I hereby acknowledge receipt of One Hundred Dollars ($100) as deposit from Nathan Gitzelter of Manhattan to be applied towards the purchase price of premises #245 East 104th Street. The purchase price is $8,062 & 50/100. Eight thousand and Sixty-two 50/100 Dollars. The premises are subject to $4,000 first mortgage at 5%. Four hundred ($400) to be paid by Nathan Gitzelter or his assigns on February 20, 1920, before 8 P. M., when contract for sale of this house No. 245 East 104th Street must be made, and unless this $400 is so paid and contract made, this deposit of $100. is forfeited and lost. I agree to take back a purchase money mortgage on this house for $2500 payable quarterly in installments of $150. each up to three years from date, and balance shall become due and payable. The interest on this mortgage will be 6% per annum. One thousand and sixty two 50/100 Dollars to be paid at the time of taking title.

" It is expressly understood and agreed that I have this house No. 245 East 104th street under contract at present, and will by this contract transfer our rights of the contract between N. Bernato and myself and Nathan Gruskin provided all of the above conditions are complied with, and in case I cannot deliver the deed all moneys paid me by Nathan Gitzelter or his assigns shall be returned to him.

" Dated Feb. 19/20.          HERMAN GROSSMAN.

" The above has been read to me and I agreed to the terms.          " NATHAN GITZELTER."

· On February 20, 1920, when the contract for the sale of the house was to be made the respective parties met,

and the defendant submitted to plaintiff a contract which recited that the premises were sold subject to violations to date of contract, to which plaintiff objected and stated that he did not want to purchase subject to violations to date of contract, but that seller should take care of all violations to date of title.

It is apparent that defendant in accepting the deposit of $100 for the purchase of the house only covenanted by the agreement to give a contract of sale in accordance with the terms he had made with the owner. The instant agreement is in no wise ambiguous. The defendant tendered a contract as agreed to, and the plaintiff refused to accept, insisting that the contract should recite " Subject to violations to date of taking title." As the defendant did not agree to so do the plaintiff was in no position to claim the additional provision. Respondent relies on the case of *Weinberg* v. *Greenberger,* 47 Misc. Rep. 117. The facts in that case bear no resemblance whatever to this case. In that case the money was paid as a deposit on account of a lease to be thereafter made, and it was left quite obscure for what purpose the deposit was given.

In the case at bar the agreement read that the $100 was received as a deposit from Gitzelter by the defendant, to be applied toward the purchase price of premises No. 245 East One Hundred and Fourth street.

In *Abramowitz* v. *Gray,* 50 Misc. Rep. 639, the court said: " In the present case, the money paid to defendant and now sued for is recited as having been paid on account of the purchase price for two lots, and the whole evidence shows that the payment was so made, and not merely as security for the making of some future contract."

The agreement dated February 19, 1920, recites that the money was paid as a deposit to be applied toward the purchase price of the premises.

I am, therefore, of the opinion that the judgment should be reversed and the complaint dismissed, with costs.

Judgment reversed, with thirty dollars costs, and complaint dismissed with costs.

Lehman and Mullan, JJ., concur.

Judgment reversed, with thirty dollars costs.