CHARLES NELSON, Plaintiff, v. MAX LANDESMAN, Defendant.*

Municipal Court of the City of New York, Borough of Manhattan, Third District, July, 1921.

*Sale — transfer of business — part payment by purchaser — wilful refusal of purchaser to complete transaction — partial payment cannot be recovered.*

ACTION for money had and received.

*Koppelman & Weinberg (Harris Koppelman, of counsel), for plaintiff.

*George J. Schneller*, for defendant.

SPIEGELBERG, J. This is an action to recover the sum of $500 which was paid by the plaintiff to the defendant upon the sale of the latter's business. The terms are substantially set forth in a writing in the Yiddish jargon which was signed in duplicate by the parties. That paper reads in the English translation as follows:

*" May* 16, 1921.

" I, the undersigned, am satisfied to sell my candy, cigar, stationery, ice cream soda store in Elmhurst, Broadway corner Whitney Avenue to Charles Nelson. Price for store, good-will, fixtures, stock and stand on premises is $14,000. Fourteen thousand dollars, 13,000 in cash and $1000 to wait for eight months, payable in four promissory notes, $250 each, every two months, with six per cent interest. I agree to procure the consent of the landlord to transfer the lease, which is for 3 years and six months. Rent $75 per month. I agree that the income in said store for the following seven days from May 16th to May 23rd, will be $650. Six Hundred and fifty Dollars. Income and expense

---

* Judgment affirmed by Appellate Term on this opinion April 11, 1922.— [REPR.

from May 16th, shall belong to Charles Nelson. Received now $500. deposit, balance to be paid not later than May 22nd, 1921. Rent for one-half month of May, to be paid by Charles Nelson $12."

Upon the trial the court found all the disputed facts in favor of the defendant but reserved decision on the question whether the sum paid by the plaintiff was given as security for his fulfillment of his agreement to purchase the business or as part payment of the purchase price thereof. Under the findings made by the court upon the trial the plaintiff wilfully declined to complete his contract while the defendant complied with all of the obligations to be performed by him. Whether the paper signed by the parties is to be considered a receipt or a contract is immaterial. The terms agreed upon are therein set forth. In any event an oral agreement was made which was valid and binding, although involving a sale of goods for the price of more than fifty dollars as part of the purchase money was paid at the time of making the contract. Pers. Prop. Law, § 85.

It is the settled law that payments upon an executory contract of sale may not be recovered back by the purchaser who has breached the contract. *Beveridge* v. *West Side Construction Co.*, 130 App. Div. 139. In *Lawrence* v. *Miller*, 86 N. Y. 131, the defendant contracted to sell and the plaintiff to buy a tract of land; plaintiff made a part payment and afterwards failed to carry out the contract. The court held that he could not maintain an action to recover back the money paid, although its retention by the defendant would more than compensate him for the damages sustained by the plaintiff's failure to fulfill the contract. At page 140, Folger, Ch. J., writing for the court, says: "The plaintiff in the action before us sues for the whole amount of the money paid by the vendee. The defendant came by it rightfully; in pursuance of a contract lawfully made, between competent parties. He has made no breach of that contract. He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own? When and whereby did it cease to be his and to be due to the vendee? If the contract had been kept by both parties, the money paid would still be his of right. The contract would have been kept but for the breach of it by the vendee. To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow. When we once declare in this case that the vendor has done all that the law asked of him, we also declare that the vendee has not so done on his part. And then to maintain this action would be to declare that a party may violate his agreement, and make an infraction of it by himself a cause of action.

That would be ill doctrine. (See *Ketchum* v. *Evertson*, 13 Johns. 358.) Nor can the specious view be taken, presented by the plaintiff, that the defendant is entitled to no more than he has actually been damaged."

In *Chaude* v. *Shepard*, 122 N. Y. 397, the distinction is pointed out between the payment of a deposit to insure the faithful performance of an agreement and one in the nature of a partial payment. The court says at page 402: " It is, however, urged by the learned counsel for the defendant that, as the money was actually placed in the possession of the defendant pursuant to the contract at the time of the execution of the lease, the disposition of it is governed by a different rule than that which would have been applicable if the claim to it had been founded upon the executory agreement of the plaintiff to pay it. That would have been so if the money had been paid upon the contract by way of partial performance by the plaintiff. In such case the party so paying, and afterwards by reason of his default is deprived of or denied the benefits of his contract, cannot recover back the money so paid by him upon it."

In the case under consideration, I have no hesitation in holding that the $500 were paid as part payment of the purchase price. This is not an instance of a preliminary contract to be followed by the execution of a more formal instrument. The sale was made on May 16, 1921, which is the date of the writing signed by the parties. The purchase price was fixed at $14,000, $13,000 in cash and $1,000 in four promissory notes of $250 each. The paper says " Received now $500 deposit, balance to be paid not later than May 22, 1921." The deal to all intents and purposes was consummated on May sixteenth. The writing, although inartistically drawn, clearly shows the agreement between the parties. It indicates as strongly as the parties were able to express it, that $500 was to be paid immediately and $12,500 on May twenty-second. That the parties had in mind a sale as of May sixteenth and not an agreement to make a sale at a future date, is further evidenced by the provision that the income from May sixteenth to May twenty-third shall belong to, and the expense for that period shall be borne by the plaintiff and that he shall pay one-half of the rent for the month of May. It is obvious that the parties made a complete contract on May 16, 1921, binding upon both parties and subject only to rescission by the plaintiff in case the defendant did not secure the landlord's consent to the transfer of the lease and in case the income of the business for seven days from May sixteenth would not amount to $650. As I have held that the defendant complied with these conditions, the plaintiff cannot recover back the money paid by him.

The plaintiff relies upon cases such as *Weinberg* v. *Greenberger*,

47 Misc. Rep. 117; *Brodfeld* v. *Schlanger*, 104 N. Y. Supp. 369; *Becker* v. *Rothschild*, 141 id. 528; *Kaplan* v. *Rosov*, 164 id. 49. The facts in those cases do not resemble this case. The *Weinberg* case, which is frequently cited upon the proposition that a deposit is recoverable although the depositor declined to complete the bargain, was a case of a proposed lease. It is specifically stated at page 118 that when the time came for making the lease the parties could not agree upon the terms and that no lease was actually made. The court held that the money was given as security for plaintiff's fulfillment of his agreement to take a lease. In *Brodfeld* v. *Schlanger*, *supra*, the receipt read, " Deposit on account on 111 Ridge Street." The court following the *Weinberg* case held that it was given as security for actual damages, if any, suffered by the defendant by reason of the plaintiff's default. In *Becker* v. *Rothschild*, *supra*, the money was received as " deposit until contract is made * * * for the sale and purchase." In *Kaplan* v. *Rosov*, *supra*, the amount paid was several times specifically referred to as a deposit and stress was laid in the opinion of the court that the purchase mentioned was exclusive of the deposit.

In *Lindenbaum* v. *Marx*, 62 Misc. Rep. 310, the court draws attention to the fact that there is a material distinction between a contract of purchase and an agreement to rent. It is there said: " Upon a contract for a lease, the deposit is usually given as a guaranty that the lease will be made and as a penalty for non-performance. Upon a contract for purchase, a deposit is ordinarily made upon the purchase price. The writing under consideration does not indicate that the deposit was intended to be a guaranty that the plaintiff would enter into a contract, or as security for his doing so, or as a penalty or forfeiture in case he did not do so. It is crudely drawn, but in construing writings of that nature we must apply the ordinary rule governing transactions of this kind."

In that case the writing likewise declared the money received was to be a deposit, and although in addition a more formal contract was contemplated the court held that the parties had entered into a valid and enforcible contract and that the deposit must be considered as part payment. In *Karp* v. *Ritter & Co., Inc.*, 110 Misc. Rep. 668, the contract provided that the price was " payable as follows: $1,000 as deposit, the receipt whereof is hereby acknowledged," and the remainder at the time of delivery. Lehman, J., writing the opinion, states that the rule in *Lawrence* v. *Miller*, *supra*, was not subject to any exceptions and that recovery of a deposit has been permitted only where the money was not deposited under a contract but merely as evidence that the party intended in good faith to enter into a contract, or where the money has been deposited only as security for the due performance

of the conditions of the contract. To the same effect is the recent case of *Gitzelter* v. *Grossman*, 114 Misc. Rep. 557. That was an action to recover $100 received from plaintiff, " as deposit &ast; &ast; &ast; to be applied toward the purchase price of premises." The agreement provided for the preparation and execution of the contract of sale. The defendant tendered the contract as agreed which the plaintiff refused to accept insisting upon the insertion of an additional provision. The court held that the rule in *Weinberg* v. *Greenberger*, *supra*, had no application and that the deposit could not be recovered back.

Upon the facts in this case, as found by me the question of the legal status of the deposit becomes one of law for the court to decide. *Karp* v. *Ritter & Co.*, *supra*. It would go counter to the well-settled rule of law to hold otherwise than that the money in this case was paid as part of the purchase price.

The plaintiff maintains that error was committed in refusing to permit him to show that the business involved in this case had a market value and that the defendant subsequently sold the business. He refers to *Mosler Safe Co.* v. *Brenner*, 100 Misc. Rep. 107. That case has no application whatever to the facts herein. There the seller sued upon a repudiation by the buyer of his agreement to purchase a safe. It was held that the seller on account of his failure to comply with the provisions of the Sales Act could only recover nominal damages. Neither under the common law or the Sales Act has it ever been held that a buyer upon his default could recover money paid as part of the purchase price. In the view that I take of this case, it is entirely immaterial whether the defendant suffered actual damages or not. It was not incumbent upon the plaintiff to show damages or absence of damages upon the part of the defendant. If the money had been paid as a guaranty of the plaintiff's good faith he would have had the right to recover the deposit subject to damages to be proven by the defendant. On the other hand, if the money was paid as part of the purchase price, the question of damages does not enter. The defendant is entitled to retain the whole thereof and not merely his actual damages. *Beveridge* v. *West Side Construction Co.*, *supra*.

The plaintiff also objects that no tender of performance was made by the defendant. There was nothing further to be done by him but even if it were otherwise, the obligation to make a tender becomes unnecessary by the plaintiff's refusal to comply with the contract. A tender in such a case would be a useless proceeding and is not required.

There is judgment for the defendant.

Judgment accordingly.