ESTHER COHN, Respondent, *v.* DAVID SMARR, Appellant.

Second Department, November 24, 1925.

Vendor and purchaser — action to recover amount paid when memorandum was signed by defendant — said amount was not paid as part of purchase price — parties contemplated subsequent contract — contract was not executed — complaint sufficient.

The complaint states a cause of action to recover from the defendant the amount paid as " binder " for purchase of certain real property, the payment having been made at the time defendant signed a memorandum, since it appears from the memorandum that the amount so paid was not considered as part of the purchase price, and that the parties contemplated entering into a formal contract which was never executed.

APPEAL by the defendant, David Smarr, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 8th day of October, 1925, denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Joseph J. Dreyer,* for the appellant.

*Isidor Cohn,* for the respondent.

MANNING, J.:

The action was brought to recover the sum of $1,000, paid by the plaintiff to the defendant (as a binder) upon the purchase price of certain real estate situate at Far Rockaway, L. I., on August 4, 1925. At the time the payment was made the plaintiff received from the defendant the following receipt, Exhibit A, attached to the complaint:

" FAR ROCKAWAY, N. Y., *Aug.* 4, 1925.

" Received from Esther Cohn One Thousand ($1,000.00) Dollars as binder for purchaser of property on 41 Greenwood Ave., 75x165 irregular.

" Terms as follows:

" Total cost $38,000.00. Subject to 1st mortgage of $8,000.00 which is due September, 1926.

" Second mortgage of $12,000.00 for three years payable at the expiration.

" 10% of the purchase price is to be paid on the signing of contract on August 11th and $14,200.00 to be paid when title is taken on October 5th, 1925.

" (Signed)        DAVID SMARR."

After alleging the payment of $1,000 the complaint states: " That the minds of the parties never ripened into a contract by reason of which the said agreement of purchase was never completed, and plaintiff thereafter demanded a return of said deposit, which this defendant has failed, refused and neglected to make;" and, " That by reason of the foregoing the defendant is indebted to this plaintiff in the sum of One Thousand Dollars and interest from August 4th, 1925," for which amount judgment is demanded.

Instead of answering, the defendant, by a notice of motion, sought to have the complaint dismissed on the ground that it does not state facts sufficient to constitute a cause of action. The learned justice denied the motion to dismiss with a brief memorandum, reading as follows: " The word ' binder ' as used in the ' memo ' might well mean deposit. The motion to dismiss is denied." A formal order was thereupon entered, from which the present appeal is taken.

The appellant's contention is that the receipt given when the $1,000 was paid is in itself a valid and binding contract for the sale of real estate, and that the money paid was on account of the purchase price, and the mere fact that the receipt provided for

the execution of a more formal contract at a later date does not in any wise detract from its validity. He further argues that the allegations in the complaint to the effect that the minds of the parties never ripened into a contract are merely conclusions of law which are in direct variance with the only fact before the court, viz., the receipt itself, which he claims constitutes a valid and enforcible agreement. He cites certain cases in support of his contention but an examination of them discloses that they were rendered after a trial had upon the merits, where the facts were brought out as to why the formal contract in each particular case was not carried out, and when the court was in a position to adjudicate as to who was responsible for the breach of the agreement sued upon in the particular case. In the case before us, however, we have no such situation, and the motion being addressed to the sufficiency of the complaint alone, I think the court was right in denying the motion to dismiss.

The defendant's contention that the $1,000 was paid as part of the purchase price of $38,000 is not borne out by a balancing of the purchase price, for it clearly appears that no credit whatsoever is given for the $1,000 which was paid at the time of the delivery of the receipt. The purchase price is given as $38,000, from which is to be deducted: First and second mortgages, $20,000; ten per cent of purchase price to be paid on signing of contract, August eleventh, $3,800; balance of purchase price to be paid on closing of title, October fifth, $14,200. If these sums are added together it will be found that they total $38,000, the full purchase price of the property. It thus appears that the $1,000 paid at the time the receipt was given was not considered as a down payment on the contract, but merely as a binder for a future contract to be made between the parties; and no such contract having been signed, the plaintiff, who paid the sum as a binder, seems to be clearly entitled to a return of the money. Such was the holding in the cases of *Weinberg* v. *Greenberger* (47 Misc. 117); *Cohen* v. *Champagne* (183 N. Y. Supp. 76); *Becker* v. *Rothschild* (141 id. 528) and *De Salvo* v. *Faerber, Silberman &. Co.* (189 id. 147).

In the case of *Cohen* v. *Champagne* (*supra*) the court said: " Assuming, however, that the whole fault for the failure to consummate the purchase was that of plaintiff, that would not justify the judgment in favor of the defendant. There is nothing in the receipt to justify a finding that the deposit was given as a penalty or as liquidated damages in case plaintiff failed to carry out her agreement, or as part payment of the purchase price. It constituted, therefore, a deposit as security for actual damage, if any, suffered by the 'defendant by reason of plaintiff's default. No

such damage was pleaded or shown;" citing *Weinberg* v. *Greenberger* (47 Misc. 117; 93 N. Y. Supp. 530); *Weber* v. *Williams & Morford Co.* (144 id. 619); *Broadway Renting Co.* v. *Wolpin* (59 Misc. 199; 110 N. Y. Supp. 151); *Kaplan* v. *Rosov* (164 id. 49).

In *De Salvo* v. *Faerber, Silberman & Co.* (*supra*), an action to recover $300 deposited by the plaintiff in connection with a proposed lease of the defendant's premises, the court, reversing a dismissal of the complaint, held that the plaintiff was entitled under well-established authority to a return of his money, saying: " It does not even appear that the deposit was intended as security for the rent to be paid under the proposed lease, but rather as security for actual damage, if any, suffered by defendant by reason of plaintiff's default."

In *Becker* v. *Rothschild* (*supra*) the court held that upon the failure of negotiations for the sale of land, the purchaser was entitled to recover a deposit made by him, although the failure of the negotiations was due to his fault, where it was not shown that the vendor had suffered any actual damage, and the receipt for the deposit did not indicate, and there was no proof that the deposit was given as a penalty or as liquidated damages.

I, therefore, conclude that the complaint stated facts sufficient to constitute a cause of action, and I suggest an affirmance of the order appealed from, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX and KELBY, JJ., concur.

Order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements.