STEPHEN ACUNTO, Appellant, v. MARIE WIGGINS, Respondent.— Judgment modified so as to provide that plaintiff recover the sum of $500, with costs, instead of the sum of $250, with costs. In this action the plaintiff seeks the return of the sum of $500 paid by him to the defendant as earnest money in connection with a proposed sale of real property. The contract was never executed. On the proof

in this case, the money was paid as security that the purchaser would enter into a written contract, and not as part of the purchase price. The defendant here made no proof of damage. (*Cohn* v. *Smarr*, 214 App. Div. 589.) In any event, the appellant was entitled to recover on the theory of fraud at the inception of the contract, in that in making his payment of $500 he was entitled to rely on defendant's representations that the property was not incumbered by public or private easements. Concededly, there is a public right-of-way through the property. The proposed contract, which the defendant never signed, describes the property by its boundaries; provides for a full covenant and warranty deed, and makes no provision for incumbrances or restrictions, in the absence of which and on the proof in this case the plaintiff was entitled to an unincumbered title, had the contract been executed by the parties; such title the defendant could not have conveyed. We are of opinion that the plaintiff sustained both causes of action seeking the same recovery. Hagarty, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., concurs on the theory of fraud.