WEBER v. WILLIAMS & MORFORD CO.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

1. APPEAL AND ERROR (§ 1010*)—REVIEW—QUESTIONS OF FACT.

On an appeal from a judgment for plaintiff, where defendant's evidence is unimpeached and uncontradicted, it must for the purposes of the appeal be accepted as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010.*]

2. LANDLORD AND TENANT (§ 22*)—DEPOSITS—EVIDENCE.

The representative of a prospective lessee, under a lease providing that the lessee should pay $1,000 on the signing of the lease, refused to sign the lease until he had a chance to see the premises again, whereupon he gave a check for $100 and received a receipt therefor, reciting that it was a deposit on the contract and that the balance of $900 was to be paid on the signing of the lease. The next day the prospective lessee stopped payment of the check and apparently refused to take the lease. Held, that these facts, in the view most favorable to the lessor, showed that the deposit was given as security, for the lessee's fulfillment of its agreement to take the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

3. LANDLORD AND TENANT (§ 22*)—DEPOSITS—NECESSITY OF DAMAGE.

Where a check was given by a prospective lessee to secure its fulfillment of its agreement to take a lease and not as a penalty or liquidated damages, there could be no recovery thereon in the absence of actual damage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

4. LANDLORD AND TENANT (§ 22*)—ACTIONS—BURDEN OF PROOF.

In an action on a check given by a prospective lessee before signing a lease, the check being presumptively valid, the burden was on the lessee to show that there was no consideration therefor, but this burden was met by showing that the check was given only as a deposit to secure the fulfillment of the lessee's agreement to take the lease, and the burden was then on the lessor to show that it was given as liquidated damages or that actual damages had been sustained.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Rose Weber against the Williams & Morford Company. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Healy & Hammer, of New York City (Ernest E. L. Hammer, of New York City, of counsel), for appellant.

Alexander Lamont, of New York City, for respondent.

LEHMAN, J.  [1] The plaintiff has recovered a judgment upon a check for $100, made and delivered by the defendant.  At the trial the plaintiff rested after the check was introduced in evidence.  The defendant then produced evidence to establish its defense of want or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

failure of consideration. This evidence was not impeached or contradicted, and for the purposes of this appeal must be accepted as true.

[2-4] It appears that the defendant on April 29th had agreed to accept a five-year lease of premises owned by the plaintiff. The parties met on that day, and a written lease was prepared. That lease contained clauses providing that certain repairs should be made by the landlord, and provided further that the tenant should pay "$1,000 on the signing of the lease, receipt whereof is hereby acknowledged." While the parties had apparently practically approved the terms of the lease, the defendant's representative refused to sign the written lease until he had a chance to see the premises again. After some talk about giving a deposit, the defendant made and delivered the check in suit and received a written receipt as follows:

"Received from Williams and Morford the sum of one hundred dollars (100.00) on deposit on contract 218/20 W. 65 street; balance $900 to be paid on signing of lease and agreement on April 30, 10 a. m., at Senior & Stout office, 81 W. 50 St.                        Senior & Stout.
                                      "Thomas T. Devine."

The next day the defendant stopped payment of the check and apparently refused to take the lease. The most favorable view for the plaintiff of this evidence is that the deposit was given as security for defendant's fulfillment of its agreement to take a lease. Under similar circumstances, this court has held, in the case of Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530, per Scott, J.:

"There is nothing in the receipt to justify a finding that the deposit was given as a penalty, or as liquidated damages in case of a refusal. It was therefore a deposit as security for actual damage, if any, suffered by the defendant by reason of plaintiff's default. No such damage was pleaded or shown. It must be assumed therefore, for the purposes of this appeal, that no such damage was suffered. Hence the contingency against which the deposit was made did not arise, and the plaintiff is, upon the facts shown in the present record, entitled to a return of the deposit."

It is true that there is an apparent distinction between that case and the case under consideration, in that in the earlier case the tenant was suing for a deposit, and the defendant was required to plead and prove actual damage, while in this case the landlord is suing upon the check which presumptively is a valid obligation, and the burden of showing that there was no consideration rests upon the defendant. Where, however, as in this case, it shows that the check was given as a deposit only, it is not necessary for it to prove also the negative, that it was not given as liquidated damages in case of refusal, and that no actual damages have been suffered. These are matters which the holder of the check should affirmatively prove just as she would be required to prove them if she had received actual cash and the proposed tenant were suing for its return. The proposed tenant logically must be considered as having established a prima facie case of want of consideration by proof that would be sufficient to establish a prima facie case in an action brought by it for money had and received.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.