### SCHULTZE v. COHEN.

(Supreme Court, Appellate Term, First Department. December 31, 1915.)

1. BILLS AND NOTES ☞493—ACTIONS—PRESUMPTIONS—WAIVER.
   The holder of a check received from a third person in an action against the maker may put the check in evidence and rely upon the presumption of consideration; but, if he alleges a consideration, it must be proved.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. ☞493.]

2. BILLS AND NOTES ☞97—ACTIONS—CONSIDERATION—EVIDENCE—SUFFICIENCY.
   Where the check sued on was obtained by a third person and given to plaintiff as a deposit only, and not as payment for the purchase price of a store, and the sale of the store was never consummated according to the agreement, there was a failure of consideration for the check.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–181, 185–192, 196–198, 200, 202–205, 208–212, 1372–1376; Dec. Dig. ☞97.]

3. PAYMENT ☞23—"PAYMENT" BY CHECK—EFFECT.
   The giving of a check of a third person as a deposit on the purchase price of a store is not "payment" until the check itself is paid; so that, where there was total failure of consideration by the failure of consummation of the sale, the holder of the check could not recover from the maker.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 89, 90; Dec. Dig. ☞23.
   For other definitions, see Words and Phrases, First and Second Series, Payment.]
   Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Schultze against Harry Cohen. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

William A. Schacht, of New York City (Benjamin Berinstein, of New York City, of counsel), for appellant.

Samuel Kahan, of New York City (Israel Ben Scheiber, of New York City, of counsel), for respondent.

SHEARN, J. [1, 2] The complaint alleges that defendant made and delivered a check for $50 to one Polsky, who subsequently and for value indorsed and delivered it to plaintiff. The answer admits the making of the check, but denies that it was delivered to plaintiff for value, and sets up two defenses, namely, that neither defendant nor Polsky received any consideration for the check, and that it was given as a deposit under an agreement between plaintiff and Polsky, whereby Polsky agreed to buy from plaintiff his cigar and stationery store, if upon trial it proved to have a daily income of $10 a day, and that upon trial the store did not produce $10 a day, whereupon Polsky refused to purchase the store and demanded the return of the check.

Plaintiff was his only witness. He testified that Polsky agreed to buy his store at about 11 o'clock on March 24th, and delivered the check of defendant in dispute "as a deposit"; that no bill of sale was made, as it was too late to go to a notary; that Polsky promised to pay the balance of the purchase price of $400 the next morning, when he was to give Polsky a bill of sale; that the next morning Polsky said, "We will go over to the landlord; if the landlord will be satisfied, I shall pay the balance, and it will be my store;" that they went to the landlord, and plaintiff introduced Polsky to the landlord, saying, "Here is the new tenant;" that the landlord was satisfied with Polsky; and that on returning to the store Polsky's wife said "she did not know if she take the store." Asked as to the consideration for the check, plaintiff replied: "I gave him the store; bargained for $400. That is value." Plaintiff could have put the check in evidence and rested on the presumption of consideration, but instead of doing so undertook to prove that it was given for value, and in so doing brought out that it was delivered as a deposit on an unconsummated transaction for the purchase of a store.

It is true that the plaintiff appeared to be an illiterate man, and the case should not be decided merely upon his use of the word "deposit." But the evidence shows that, although illiterate, plaintiff used the word correctly and described the transaction according to the facts. Plaintiff may have had a good cause of action for damages for breach of contract to purchase the store, but upon the record in this case he has no cause of action upon the check, there being nothing to show that it was given as liquidated damages in the event of a refusal to consummate the purchase, or that the plaintiff had sustained any damage. It was held in Weber v. Williams, 144 N. Y. Supp. 619, that, in an action on a check given by a prospective lessee before signing a lease, the check being presumptively valid, the burden was on the lessee to show that there was no consideration therefor, but this burden was met by showing that the check was given only *as a deposit* to secure the fulfillment of the lessee's agreement to take the lease,

and the burden was then on the lessor to show that it was given as liquidated damages, or that actual damage has been sustained.

[3] The check cannot be said to be part payment for the store. "A check is not a 'payment' until it is paid." Daniel on Neg. Instruments, § 1623. In this case the check merely evidences an agreement to pay $50. Disregarding plaintiff's characterization of the transaction as "a deposit," and treating it as a promise to make a payment of $50 on account of the purchase price of the store, there was a total failure of consideration shown when it appeared that the sale was not consummated, irrespective of whose was the fault. If the sum of $50 had been turned over in cash as part payment, it could have been rightfully retained by the plaintiff unless, when sued therefor, it was established against him that it had been deposited as security. But to allow the plaintiff to recover upon the mere promise to pay either part or the whole of the purchase price of an unconsummated sale, in the absence of an agreement that it should constitute liquidated damages, and in the absence of proof of actual damage, would in effect be tantamount to holding that the agreed price upon an unconsummated sale is the measure of damage.

Judgment affirmed, with costs.

PAGE, J., concurs.

BIJUR, J. (dissenting). Plaintiff sues on a check made by defendant to the order of one Polsky, which the latter indorsed to the plaintiff; but payment thereon was stopped. Plaintiff testifies that defendant and Polsky came to plaintiff's place of business, and—

"were bothering me half a day I should sell my business, * * * and bargained around, and they bought the store for $400. Mr. Cohen said: 'We haven't got no money. It is too late. We cannot go now to notary public; * * * but I will give you check for $50; $350 I will pay you tomorrow morning by the notary public. We make bill of sale.' They gave me $50 check. $350 is to be paid Mr. Polsky. * * * In the morning he said: 'Mr. Schultze, we will go over to the landlord; if the landlord will be satisfied, I shall pay the balance and it will be my store.' * * * [In the morning] he went away to the landlord, and I introduced him, and I said, 'Here is the new tenant,' and he was satisfied; he said, 'It is all right.' So he came back," etc.

All this testimony was brought out on cross-examination. Defendant's counsel then continued:

"Q. Did you give any value for that check; did you give any money either to Mr. Polsky or Mr. Cohen for that check? A. I gave him the store, bargained for $400. That is value."

Over the exception of plaintiff's counsel, and on motion of defendant's counsel, this answer was stricken out, although the answer was substantially, if not technically, responsive.

The learned judge below gave judgment for the defendant at the close of plaintiff's case, apparently on some theory that a "deposit" can always be recovered. Respondent cites in support of that view Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530, and Weber v. Williams & Co., 144 N. Y. Supp. 619. I know of no

such rule, based either on the mere fact of a deposit or the use of that term. The nature of the transaction in the course of which the deposit was made can alone determine the rights of the respective parties. If, for example, it was "deposited" as security for the performance of an agreement, as in the cases cited, I can readily conceive that it should be returned on fulfillment of his obligation by the depositor; but, where it is a part payment on an executory contract, the depositor who violates the agreement, and is therefore in default, cannot successfully demand the return of his money. In the case at bar the deposit was a part payment on an executory sale of the store.

Respondent attaches significance to the fact that plaintiff testifies that on the following morning Polsky said he wanted to go to see the landlord, and if everything was satisfactory there would pay the balance of the purchase price, and that on the visit to the landlord everything did prove satisfactory. This is supposed to indicate that the transaction had not been closed on the night before; but at best this was only a statement of Polsky, not of the plaintiff, and in any event it could not change the character of a transaction already completed.

Judgment should be reversed, and new trial granted, with costs to appellant to abide the event.