DOMINICK CANTASANO and NICHOLAS J. GUARIGILIA, Doing Business as CANTASANO & GUARAGILIA, Appellants, *v.* GEORGE L. COURTNEY, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Evidence — when evidence insufficient to prove payment — actions— negotiable instruments.
Accord and satisfaction — what constitutes payment — evidence.

Where in an action to recover a balance for goods sold and delivered there is no competent proof of the delivery of a check

Supreme Court, Appellate Term, February, 1917.   [Vol. 98.

which defendant testifies he mailed to plaintiffs, of the manner in which it was mailed, how the envelope was addressed and whether the postage was prepaid, and there is no proof that the check was cashed by plaintiffs, defendant's testimony is insufficient to prove payment as against evidence for plaintiffs that no such check was received by them.

The mere delivery of a check does not constitute payment nor is it proof of an accord and satisfaction.

Appeal by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant.

Paul. P. Gettinger (Harry Hartman, of counsel), for appellants.

Abraham B. Schleimer, for respondent.

Guy, J.   Plaintiffs sue to recover an alleged balance due for goods sold and delivered at an agreed price.

The answer is a denial of sale and delivery at an agreed price, and separate defenses of payment and accord and satisfaction, and a counterclaim for damages for breach of warranty.   The counterclaim was dismissed on motion of plaintiffs' attorney, and no appeal is taken from such dismissal.

The defendant testified that he mailed a check to plaintiffs for an amount which he claimed to be all that was due from him to plaintiffs; but there is an entire absence of competent proof of delivery of the check, of the manner in which it was mailed, how the envelope was addressed and whether the postage was prepaid, and no proof that the check was ever converted into cash by the plaintiffs.   Plaintiffs introduced evidence that no such check was received by them.   In the face of such denial defendant's mere testimony that he mailed the check to plaintiffs is insufficient.

The mere delivery of a check does not ordinarily constitute proof of payment (Daniel Neg. Inst. § 1623; *Thompson* v. *Bank of British N. Am.,* 82 N. Y. 1–8; *Morrison* v. *Chapman,* 155 App. Div. 509, 513; *Siegel* v. *Kovinsky,* 93 Misc. Rep. 541; affd., 174 App. Div. 857; *Schultze* v. *Cohen,* 156 N. Y. Supp. 610, 612); nor is it sufficient proof of an accord and satisfaction. "An accord and satisfaction requires a new agreement and the performance thereof." 1 Cyc. 307; *Windmuller* v. *Goodyear Tire & Rubber Co.,* 123 App. Div. 424.

The judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.