FRANCIS COOPE *vs.* GEORGE P. SCANNELL.

Middlesex. January 15, 1921. — April 6, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* In use of highway. *Evidence,* Presumptions and burden of proof. *Municipal Corporations,* By-laws and ordinances. *Way,* Public. *Practice, Civil,* Ordering verdict, Exceptions, Charge to jury.

At the trial of an action of tort for personal injuries, brought by a boy who, when riding on the bar in front of the seat of a bicycle as the guest of the operator, was injured when the bicycle was run into from behind by a motor car driven by the defendant, it appeared that an ordinance of the municipality where the accident occurred required that "No person shall, within the limits of any public street or highway in the city, play at any game . . . amusement, or exercise, interfering with the convenient and free use of such street or highway by persons traveling or passing along the same." The boys testified without contradiction that they were returning from a ride to a neighboring town, whither they had gone to see "the old burying ground and went out purely for amusement." There was no other evidence as to what the boys were doing or why they were on the highway. The judge refused requests of the plaintiff for rulings in effect that findings were not warranted that the plaintiff at the time of the accident was "playing at any game, or amusement, or exercise," or that there was any violation of the ordinance, and charged the jury that it was for them "to say whether or not this plaintiff and his companion were using the highway in such a way as to constitute on their part the going into or carrying out of some game or amusement or exercise as distinguished from some purpose of

travelling for necessity for example, or on some business as distinguished from something that was purely and simply amusement." *Held,* that

(1) If the testimony of the boys was believed, they were using the public way as travellers and not as a playground;

(2) If the testimony of the boys was not believed, there was no evidence warranting a finding that they were engaged in mere sport;

(3) There was no violation of the ordinance;

(4) The rulings requested should have been given;

(5) The error in refusing the rulings requested was not cured by the charge.

TORT for personal injuries received when the plaintiff, a boy eleven years of age, was riding on a bicycle in the circumstances described in the opinion as a guest of the operator, a boy fourteen years of age, and was run into from the rear by a motor car owned and operated by the defendant. Writ dated December 3, 1919.

In the Superior Court, the action was tried before *Fosdick,* J. Material evidence is described in the opinion. At the close of the evidence, the plaintiff asked among other rulings for the following:

"7. There is no evidence in the case that would justify the jury in finding that at the time of the accident the plaintiff was playing at any game, amusement, or exercise.

"8. That there is no evidence on which the jury can find that there was any violation of the city ordinance."

The rulings were refused. That portion of the charge which related to the subject matter of the requests is described in the opinion. The jury found for the defendant, and the judge reported the case for determination by this court.

*M. G. Rogers,* (*B. J. Moloney* with him,) for the plaintiff.

*J. C. Reilly,* for the defendant.

BRALEY, J. If it be assumed, as the defendant contends, that when injured the plaintiff, a boy eleven years of age, as he rode with his companion, a boy of fourteen, on a bicycle owned by the latter, was in the street solely for the purpose of play, this use of a public way would not preclude recovery if while using ordinary care he was injured by the defendant's negligence. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79. And, the collision of the defendant's automobile with the bicycle not being in controversy, it is plain on the record that these questions, even under the ordinance which we shall presently consider, were for the

jury under suitable instructions. *Godfrey* v. *Boston Elevated Railway,* 215 Mass. 432. *Patrick* v. *Deziel,* 223 Mass. 505, 508.

The city ordinance reads as follows, "No person shall, within the limits of any public street or highway in the city, play at any game of ball, snow-ball, foot-ball or any other game, amusement, or exercise, interfering with the convenient and free use of such street or highway by persons traveling or passing along the same."

The uncontradicted evidence of the boys was in substance that some time in the afternoon of the day of the accident they left the city to ride to a neighboring town to see "the old burying ground and went out purely for amusement." When they started for home the plaintiff was astride the bar which runs from the steering post to the seat post of the bicycle, with his hands on the handle bars, while the bicycle was propelled by his companion seated in the rear, and as they rode on the extreme right of the way, and in the sand close to the bushes, the defendant travelling in the same direction ran into the bicycle causing the plaintiff's injuries. This evidence if believed would warrant the jury in finding that the boys were using the street not as a playground, but as travellers. *Hamilton* v. *Boston,* 14 Allen, 475, 484. If the ordinance is construed as urged by the defendant, it would follow that the public ways would be closed for pleasure riding and recreation by travellers whether on foot or in vehicles; a conclusion unsupported in principle or by authority. *Hamilton* v. *Boston, supra.* The words of the ordinance, in so far as material, are that "No person shall . . . play at . . . amusement, or exercise, interfering with the convenient and free use of such street, . . . by persons traveling or passing along the same." If the testimony of the boys was believed by the jury, they were not playing. If it was rejected, nothing is left but the evidence of the defendant and his wife, that they did not see them until "just at the moment of collision," and, whether the accident happened "on the macadam part" of the way or at the place described by the plaintiff, it is wholly insufficient to warrant a finding that they were engaged in mere sport. The plaintiff, as we have said, was no less a traveller while using the street for amusement, pleasure or recreation, than if with his companion he had been going for the family doctor, or supplies for the household. It follows that the plaintiff's seventh and eighth requests, that there is no evi-

dence which would justify the jury in finding that the plaintiff was playing at any game, amusement or exercise, and there is no evidence on which the jury can find any violation of the ordinance, should have been given.

This error was not cured by the instructions that ". . . it is for the jury to say whether or not this plaintiff and his companion were using the highway in such a way as to constitute on their part the going into or carrying out of some game or amusement or exercise as distinguished from some purpose of travelling for necessity, for example, or on some business as distinguished from something that was purely and simply amusement."

The verdict must be set aside and a new trial granted.

*So ordered.*