LEO PAWLOSKI *vs.* H. W. HESS.

Worcester.    September 22, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle, In use of highway.    *Jurisdiction,* Over nonresident owner of automobile.    *Motor Vehicle,* Registrar statutory agent for service on nonresident.    *Practice, Civil,* Service under St. 1923, c. 431, § 2.    *Constitutional Law,* Equal protection of law, Due process of law, Police power.

At the trial of an action for personal injuries suffered when the plaintiff, a boy ten years of age, was run into by an automobile driven by the defendant on a public way, there was evidence tending to show that the accident happened upon a street which curved in the direction from which the automobile approached and at the intersection of two streets; that the automobile was not seen by the plaintiff or by another witness who was facing in the direction from which it came until just before it struck the plaintiff; that the plaintiff had gone but four or five steps into the street when he was struck; and that the defendant was driving at the rate of from twenty to twenty-five miles an hour and was sounding no horn.    *Held,* that

(1) A finding was warranted that the plaintiff was in the exercise of due care;

(2) The speed of the automobile and the failure to sound its horn may have been found to be violative of G. L. c. 90, §§ 14, 17, in particulars conducive to the injury, and hence to be evidence of negligence;

(3) A verdict for the defendant could not properly have been ordered.

St. 1923, c. 431, § 2, is not an infringement of the Fourteenth Amendment
　to the Constitution of the United States.　Following *Pawloski* v. *Hess*,
　250 Mass. 22.

Tort for personal injuries suffered when the plaintiff was
struck by an automobile of the defendant on a public way in
Worcester.　Writ dated November 9, 1923.

In the Superior Court, there was a trial before *Macleod*, J.
Material evidence is described in the opinion.　At the close
of the evidence, the defendant moved for a verdict in his
favor.　The motion was denied.　The defendant then asked
for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to
recover.

"2. The attempted service of process on the defendant in
this action is invalid under the Constitution of the United
States, and particularly under § 1 of Article 14 of the Amend-
ments thereto.

"3. The attempted service in this case if made the basis
of a judgment amounts to depriving the defendant of his
property without due process of law."

The rulings were refused.　There was a verdict for the
plaintiff in the sum of $500.　The defendant alleged excep-
tions.

*R. Proctor*, for the defendant.

*H. J. Meleski*, for the plaintiff.

Rugg, C.J.　This is an action of tort brought to recover
compensation for personal injuries received by the plaintiff
through being struck by an automobile owned by the defend-
ant and operated by him or by someone for whose acts he
was responsible.　The injury occurred at the intersection
of two streets in Worcester at about noon of a pleasant
September day.　At that time the plaintiff was between nine
and ten years of age and was on his way to a store to make
a purchase.　He testified, "When I left the sidewalk I
couldn't see any automobile.　When I first saw the auto-
mobile it was so near me that I could not prevent getting
hit.　I do not know how the accident happened other than
that the automobile hit me just after I left the sidewalk."
An eyewitness testified that the plaintiff was walking about

fifty feet in front of him on the sidewalk when the plaintiff stepped out into the street toward a store; that the speed or direction of the automobile, "proceeding at about twenty to twenty-five miles per hour in the trolley car tracks," was not changed until after it hit the plaintiff; that no horn on the automobile was sounded as it approached the intersection of the streets or at any time in the vicinity; that there was a curve in the street from the direction from which "the automobile came and although I was facing the car I did not see it until it was about ten yards from me and it was then nearer the plaintiff than it was to me. When the plaintiff left the sidewalk I saw no car in the street, and he had only taken four or five steps when he was struck." This was all the evidence. No testimony was introduced by or in behalf of the defendant.

A finding was warranted that the plaintiff was in the exercise of due care. *Tripp* v. *Taft,* 219 Mass. 81. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Kaminski* v. *Fournier,* 235 Mass. 51. *Rasmussen* v. *Whipple,* 211 Mass. 546. *Bengle* v. *Cooney,* 243 Mass. 10.

There was evidence of negligence, causative of the injury, on the part of the one in control of the automobile. Its speed and the failure to sound its horn may have been found to be violative of G. L. c. 90, §§ 14, 17, in particulars conducive to the injury, and hence evidence of negligence on that account, as well as intrinsically careless. *Creedon* v. *Galvin,* 226 Mass. 140. *Emery* v. *Miller,* 231 Mass. 243. *Powers* v. *Loring,* 231 Mass. 458. *Coope* v. *Scannell,* 238 Mass. 288. *Davicki* v. *Flanagan,* 250 Mass. 379, 381.

The defendant's motion for a directed verdict and his request for a ruling that the plaintiff was not entitled to recover were denied rightly.

The plaintiff brought his action against a nonresident defendant without making personal service but by complying with the provisions of St. 1923, c. 431, § 2, as to service. That section is quoted in full in a previous decision in this case, 250 Mass. 22, where its constitutionality was discussed at large and upheld against all objections so far as we have jurisdiction to pass upon those questions. The reasons

for that conclusion are there stated at length and need not be repeated. We adhere to and affirm them. It follows that in our opinion the defendant's requests for instructions numbered 2 and 3, to the effect that the service of process infringed his rights secured by § 1 of the Fourteenth Amendment to the Constitution of the United States, were denied rightly.

*Exceptions overruled.*