DESSO HORVATH, Plaintiff, *v.* ———— BRETTSCHNEIDER and Another, Defendants.

City Court of New York, Kings County, January 24, 1928.

**Judgments — judgment on pleadings — action upon judgment obtained in New Jersey for damages arising on defendant's default for injuries suffered in automobile accident in that State — plaintiff sues through " next friend "— our practice does not sanction suit through " next friend "— guardian ad litem must be appointed — since answer contained affirmative defense not frivolous on its face motion should be made pursuant to Rules of Civil Practice, rule 104, and not under rule 112 — denials that defendants have no " knowledge or information sufficient to form a belief," proper—New Jersey statute (Laws of 1924, chap. 232) making New Jersey Secretary of State agent for service of process in negligence action is unconstitutional.**

In this action upon a judgment obtained in New Jersey for damages arising upon defendants' default for injuries suffered in that State through the negligence of defendant as driver and another as owner of an automobile having a New York York license number, it appears that plaintiff sues through a " next friend " appointed by and who is an officer of a foreign court.   Since said " next friend " has not qualified or been empowered in this court by either a primary or ancillary appointment and since our practice does not sanction a suit through a " next friend " it would seem that the usual procedure such as for the appointment of a guardian *ad litem* must be adhered to.

Plaintiff's motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, is not proper, since the answer contains an affirmative defense, not frivolous on its face; plaintiff's remedy is under rule 104 of the Rules of Civil Practice on the ground that the defense is sham.

Defendants' denials to the effect that they have no " knowledge or information sufficient to form a belief " are sufficient, since it cannot be said that the matters alleged in the complaint are presumptively within the knowledge of the defendants.

Chapter 232 of the Laws of 1924 of the State of New Jersey which in effect provides that any operator or owner of a motor vehicle not licensed in that State who shall accept the privilege extended to non-resident operators and owners of driving a motor vehicle in New Jersey without a New Jersey license shall by such acceptance and operation of such automobile make and constitute the Secretary of State of that State his agent for the acceptance of any process in any civil suit arising out of an accident within the State runs counter to the equal protection of the laws, due process of law and equal privileges and immunities guaranteed by the Federal Constitution for the reason that it does not provide for any notification to the defendant of such litigation pending against him in that State and duly commenced by the service of process upon its Secretary of State.

MOTION by plaintiff for judgment on the pleadings, under rule 112 of the Rules of Civil Practice.

GEISMAR, J.   This is plaintiff's motion for judgment on the pleadings under the provisions of rule 112 of the Rules of Civil

Practice. The action is upon a judgment obtained in the State of New Jersey, assessing damages after defendant's default, for injuries suffered in an alleged accident which occurred in said foreign State through the negligence of the defendant, as driver, and the codefendant, as owner, of a motor vehicle bearing a New York license number. The complaint alleges that the judgment was duly obtained under and in accordance with the provisions of a statute of the State of New Jersey, known as chapter 232 of the Laws of 1924, the pertinent and material parts of which read as follows: " 1. From and after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to nonresident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the Secretary of State of the State of New Jersey, his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the State in which a motor vehicle operated by such chauffeur, or operator, or such motor vehicle is involved."

The answer denies knowledge or information as to all the material allegations, and for a separate and distinct defense sets forth that the defendants were never personally served in the State of New Jersey, that they have never appeared personally or by attorney, nor have they authorized any one at any time to appear.

The first difficulty to present itself is as to the competency of the plaintiff, Desso Horvath, to sue through a " next friend " appointed by and who is an officer of a foreign court, and who has not qualified to or been empowered in this court by either a primary or ancillary appointment. Obviously, as our practice does not sanction a suit through a " next friend," it would seem that the usual procedure, such as for the appointment of a guardian *ad litem*, must be adhered to. While defendants have not raised this objection, and while, under the circumstances, this omission may be treated as a mere irregularity, and not as a jurisdictional defect (*Allen* v. *Fink*, 211 App. Div. 411), it seems *prima facie* sufficiently serious to invalidate a judgment, if not seasonably corrected. (*Byrnes* v. *Byrnes*, 109 App. Div. 535; *Freyberg* v. *Pelerin*, 24 How. Pr. 202.)

The second difficulty concerns itself with the propriety of a motion for judgment on the pleadings, when the answer contains a so-called affirmative defense, not frivolous on its face, but as to which the truth of the allegations of fact contained therein is challenged. In such event the plaintiff's proper remedy is not by motion under rule 112 of the Rules of Civil Practice, but under rule 104, on the ground that the defense is sham. (*Rochkind* v. *Perlman*, 123 App. Div. 808.) The main and practical consequence of this differentiation is as a matter of course that the issue in case of a frivolous pleading is to be resolved by inspection solely of the pleadings, while in case of a sham pleading affidavits are to be submitted. I am of the opinion that upon mere inspection this defense cannot be stigmatized as frivolous, and that the proper method of attack upon it must be by a motion to strike it out as sham. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Wayland* v. *Tysen*, 45 N. Y. 281; *Howe* v. *Elwell*, 57 App. Div. 357; *Goodwin* v. *Thompson*, 88 Hun, 598.)

The third difficulty flows out of the sufficiency of the denials that the defendants " have knowledge or information sufficient to form a belief." While there is abundant authority that denials couched in such language are ordinarily ineffective, still this doctrine has its limitations, which are grounded on the underlying reason for the doctrine. It cannot be said here that the matters alleged in the complaint are presumptively within the knowledge of the defendants, such as personal transactions had with them. (*Bloch* v. *Bloch*, 131 App. Div. 859; *Purdy* v. *City of New York*, 126 id. 320; *Singer* v. *Effler*, 16 Misc. 334; *Thorn* v. *New York Cent. Mills*, 10 How. Pr. 19.) Nor can it be said that the defendants, in availing themselves of this form of denial, are chargeable with intentional ignorance in a matter wherein it is their duty to learn the facts, or the facts are at hand and easily accessible. The defendants are surely not affected with notice, either actual or constructive, of the public records of the State of New Jersey. Are they not, therefore, honestly without knowledge or information? (*Morgan & Co.* v. *Quo Vadis Amusement Co.*, 45 Misc. 130; *San Francisco Gas Co.* v. *City of San Francisco*, 9 Cal. 453; *Snyder* v. *White*, 6 How. Pr. 321; *Mack Paving Co.* v. *City of New York*, 142 App. Div. 702; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127.)

The fourth difficulty revolves about the validity of the above-quoted statute of the State of New Jersey, upon which the central jurisdictional fact for the rendition of the pleaded judgment is predicated. Generally speaking, the constitutionality of this and similar legislation in at least four other States has been upheld in the United States Supreme Court, as not being in contravention

of the due process clause of the Fourteenth Amendment, the privileges and immunities clauses, the provisions prohibiting the denial to any persons of the equal protection of the laws, or as unduly restrictive of interstate commerce. (*Kane* v. *State of New Jersey,* 242 U. S. 160; *Hess* v. *Pawloski,* 274 id. 352; *Pawloski* v. *Hess,* 253 Mass. 478; Laws of Wis. 1925, chap. 94; Pub. Acts Conn. 1925, chap. 122; Public Acts N. H. 1925, chap. 106; Stat. Mass. 1923, chap. 431, § 2; 39 Harv. L. Rev. 563, article " Jurisdiction over Nonresident Motorists," by Prof. Austin W. Scott.)

In line with these decisions the validity of the statute of Massachusetts requiring non-resident motorists to carry indemnity insurance has likewise been upheld. Such statutes are held to be proper expressions of the police power applicable against non-resident users of the roads of a foreign State, because the automobile is peculiarly a source of danger to life and property. The action must arise out of the use of the car. The compulsion in selection of a forum is not in contravention of due process, and there is no discrimination, if and so far as residents and non-residents are kept on an equal footing.

The potential jurisdiction arises not out of (1) personal or other valid service (*Pennoyer* v. *Neff,* 95 U. S. 714; or (2) residence or domicile, whether temporary or permanent; or (3) voluntary appearance; or (4) consent, or the fiction of implied consent; but under what may be best called (5) subjection to the jurisdiction on account of conduct within the State. In this respect these statutes are comparable to those regulating the business of foreign corporations within the State, or the businesses of individuals under license, although these latter are not expressions of the police power. (*Flexner* v. *Farson,* 248 U. S. 289; *Sligh* v. *Kirkwood,* 237 id. 52.) But there is a profound difference between this statute of New Jersey and the statute of Massachusetts *in pari materia.* The Massachusetts statute makes meticulous, specific and precise provision for substituted service to insure notice to the defendant. Its pertinent words are: " Provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration." (Stat. Mass. 1923, chap. 431, § 2.)

Another feature of this statute, which is referred to with approval in the opinion of the United States Supreme Court (*Hess* v. *Pawloski, supra*), is the beneficent provision that the court may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action, thus apparently casting

Supreme Court, February, 1928.          [Vol. 131

upon the court the duty in the first instance of actively supervising and directing the litigation, to the end that the defendant may not become the victim of a snap judgment. It is uncertain what course would be pursued if the defendant refused the process sent by registered mail and declined to sign the receipt for it, and I have not found any case on this point.

The New Jersey statute is entirely lacking in any provision requiring notification to the defendant of such litigation pending against him in such State and duly commenced by the service of process upon its Secretary of State. The opinion of Mr. Justice BUTLER in *Hess* v. *Pawloski* (*supra*) must be apparently read as a recognition of such notice as a constitutional requirement, because it distinctly sets forth, as one of the reasons for holding such statute valid, that it provides " that he [the defendant] shall actually receive and receipt for notice of the service and a copy of the process." Such a statute, omitting these provisions for notice to the defendant, would be clearly invalid if made applicable to a resident of the State of New Jersey, and is, therefore, obnoxious to the constitutional provisions with respect to the equal protection of the laws, due process of law, and equal privileges and immunities. (*McDonald* v. *Mabee*, 243 U. S. 90; *Flexner* v. *Farson*, *supra*; *Zeikus* v. *Florida East Coast R. Co.*, 144 App. Div. 91.)

The motion must be denied, with costs.