### JULIA TYRRELL *vs.* SEPTIMIO CARUSO.

Suffolk.    December 3, 1929. — December 5, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way. *Evidence*, Competency.

At the trial of an action of tort for personal injuries, there was evidence for the plaintiff that, in crossing a street, he waited underneath an elevated railway structure in the middle of the street until several automobiles had passed and then, after looking up and down the street and seeing no traffic moving, started to cross the remaining part of the street; and that, when he was about four feet from the curb to which he was going, he was struck by an automobile operated by the defendant which he had not previously seen and which "quick and sudden" had come out from behind a wagon going in the same direction. The defendant testified in detail as to his conduct. *Held*, that

(1) The jury properly might disbelieve testimony by the defendant favorable to himself;

(2) On the evidence, the questions, whether the plaintiff was guilty of contributory negligence and the defendant negligent, were for the jury;

(3) A question, asked of the defendant by his counsel, whether he could have done anything more than he did to avoid striking the plaintiff, properly was excluded.

TORT for personal injuries. Writ dated February 7, 1927.

Material evidence at the trial in the Superior Court before *Lourie*, J., is stated in the opinion. The question excluded by the judge was propounded to the defendant by his counsel. The judge refused to order a verdict for the defendant. The jury found for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*G. F. Garrity & A. Donahue,* for the defendant.

*N. P. Sipprelle,* for the plaintiff.

RUGG, C.J.  This is an action of tort to recover compensation for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.  There was ample evidence of injury to the plaintiff.  There was testimony tending to show that the plaintiff, walking on Main Street in the Charlestown district of Boston and desiring to cross that street to the corner of Miller Street, proceeded part way across Main Street and waited underneath the elevated structure five or ten minutes while a large number of automobiles passed.  She then looked up and down Main Street, and, as there was no traffic moving, she started to cross the remaining portion of Main Street and almost reached the "other side when a car came quick and sudden, struck her and knocked her down when she was about a couple of steps from the curbing."  She did not see the automobile of the defendant until it had struck her. There was other testimony tending to show that the plaintiff was against the right front wheel when the automobile of the defendant stopped at the curbing, and that the plaintiff was about four feet from the curb toward which she was walking when the automobile of the defendant came out from behind a wagon and, continuing on, struck the plaintiff.

There was testimony by the defendant to the effect that it was raining hard and that the streets were wet and slippery, and that as he approached Miller Street driving on Main Street he saw the plaintiff first "In the middle of the street right under the center of this Elevated structure" between "the two pairs of car tracks"; that "She was to my left.  I immediately put on the brakes and watched to see what she was doing at all times.  When I saw she kept continuing towards me, to keep away from her, as the car didn't stop, I turned to my right sharply and I went up against the curb."

It is familiar law that the jury were not obliged to give credence to the testimony of the defendant and might disbelieve that part of it tending to exonerate himself from

blame.  It is plain from this summary of material testimony that the plaintiff might be found to have been in the exercise of due care and to have received her injuries as the direct result of negligent conduct on the part of the defendant.  The principles of law governing this class of cases have been frequently stated and need not be repeated. The case rightly was submitted to the jury.  *Lonergan* v. *American Railway Express Co.* 250 Mass. 30.  *Gauthier* v. *Quick,* 250 Mass. 258.  *Puccia* v. *Sevigne,* 258 Mass. 234. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252.  *Quinn* v. *Miller,* 267 Mass. 84.

There was no error in excluding the question to the defendant whether he could have done anything more than was done to avoid the accident.  He had testified in detail as to every particular of his conduct.

*Exceptions overruled.*