WILLIAM AUPPERLE, Plaintiff, *v.* HENRY L. DOHERTY, Doing Business under the Firm Name of HENRY L. DOHERTY & COMPANY, Defendant.

City Court of New York, Kings County, April 22, 1930.

*Jacob J. Klansky* [*I. Miller* of counsel], for the plaintiff.

*Frueauff, Robinson & Sloan*, for the defendant.

GOLDSTEIN, J. Plaintiff and defendant entered into a contract whereby plaintiff agreed to purchase certain stocks from defendant and to pay for said stocks in ten monthly installments. Pursuant to this contract, payment was due on the first day of each month, and, if plaintiff defaulted in payment of any installment, he was to have until the first day of the following month to make the payment. If he did not make the payment by this time, the contract provided that it was to be *automatically canceled*, and the company was to " refund the amount paid, less or plus as the case may be, the difference between the contract price and the market price on the fifteenth of the month preceding, and less also the amount, as liquidated damages equal to ten per cent of such market price."

Plaintiff brings this action on the contract, alleging that he failed to pay the installment due on the 1st day of October, 1929, and that, therefore, the amount due is to be computed as of the fifteenth of October, at which date the market price of the stock was sixty-seven and seven-eighths dollars per share. The defendant has interposed an affirmative defense and a counterclaim alleging that on November 21, 1929, plaintiff sent to the defendant a check in payment of the October installment, and that defendant accepted the check in payment, although, when the check was presented for payment, payment had been stopped thereon, that the sending of the check and acceptance thereof reinstated and renewed the contract, and that there was no default thereunder until November, and the price to determine the refund is the market price of the stock on November fifteenth, on which date it was selling for twenty-five dollars per share.

Plaintiff moves to strike out the denials and separate defense and counterclaims contained in defendant's answer as frivolous and for judgment on the pleadings.

Both sides have submitted affidavits in support of and in opposition to the motion. However, in a motion of this nature the court cannot consider affidavits. (*Horvath* v. *Brettschneider*, 131 Misc. 618, 620.) " The main and practical consequence of this differentiation is a matter of course that the issue in case of a frivolous pleading is to be resolved by inspection solely of the pleadings."

The court is able, however, to determine this motion on the pleadings alone, and has disregarded the affidavits submitted.

In construing a contract, words and phrases must be given their natural and ordinary meaning. (*Brainard* v. *New York Cent. R. R. Co.*, 242 N. Y. 125.)

It must also be construed most strongly against the author. The contract at bar was drawn by the defendant with the idea of preventing the buyer of ever claiming a waiver and providing that upon a condition subsequent the contract was to be automatically canceled. It did not give an option of ending it to either party, but specifically stated that it should be automatically canceled if the payments were not made by a certain date. Plaintiff did not make the October payment by the first of November, and, therefore, the contract automatically ended on that date. The defendant now seeks to spell out a renewal of the contract by the sending of the check by the plaintiff. In order to have a new contract, there would necessarily have to be a payment by the plaintiff and an acceptance of payment by the defendant. The sending of the check cannot be deemed a payment, because a check is not payment until paid. (*Tanner* v. *Bank of Fox Lake*, 23 How. Pr. 399; affd., 3 Keyes, 425; *Siegel* v. *Kovinsky*, 93 Misc. 541; *Schultze* v. *Cohen*, 156 N. Y. Supp. 610.)

There having been no payment by the plaintiff, there could have been no acceptance of payment by the defendant. A new contract cannot be spelled out of the facts alleged in the answer.

The motion to strike out the separate defenses and counterclaims as frivolous is granted.

The parties having stipulated that the price of the stock was sixty-two dollars and fifty cents per share on the 15th day of October, 1929, there no longer remains any denials in the answer. It, therefore, follows that the judgment on the pleadings must be granted.